Walter E. Godfrey v. Commissioner.
Godfrey v. Commissioner
Docket No. 21032.
United States Tax Court
1950 Tax Ct. Memo LEXIS 222; 9 T.C.M. (CCH) 313; T.C.M. (RIA) 50094; April 7, 1950
*222 Walter E. Godfrey, Esq., pro se. Pershing W. Burgard, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $921.47 in the petitioner's income tax for 1945. The only issue is whether the Commissioner erred in disallowing the following deductions: Extra private telephone
$ 87.00
Entertainment of clients
1,119.60
Flowers to clients
232.84
Findings of Fact The petitioner is an attorney at law with offices in the city of New York. His return for 1945 was filed with the collector of internal revenue for the second district of New York. The petitioner was a member of a law partnership under the name of Godfrey & Marx. He shared in the partnership to the extent of 30 per cent. His distributive share of the net income of the partnership for that year as determined by the Commissioner was $12,030.04. He claimed on his individual return for that year, inter alia, the following deductions. Extra private telephone
$ 87.00
Entertainment of clients
1,119.60
Flowers to clients
232.84
The Commissioner, in determining the deficiency, disallowed those deductions. *223 The petitioner has been practicing law for 43 years. He suffered from ill health beginning in 1938 and was not in good health in 1945. He lived alone in an apartment hotel in New York City. His name was listed in the telephone directory with the number of the telephone of the apartment hotel. He had a private telephone in his room which he used almost exclusively for business purposes in connection with his law practice. The number of that phone was not listed in the telephone directory. He paid the telephone company $86.60 during 1945 as charges on that private telephone. The petitioner during 1945 $232paid to a florist for flowers which he sent to the homes and offices of clients of his law practice. The petitioner belonged to a club in New York City. He used the following facilities of that club during 1945: Swimming pool, hot room and steam room, dining room, card room and waiting room. He paid to the club during 1945 a total of $1,090.40. He used the club partly for personal purposes and partly for business purposes, but mostly for business purposes during 1945. Those business purposes were the entertainment of clients, mostly at meals. $1,000 of the amounts expended by *224 the petitioner as described above represented ordinary and necessary expenses paid by him during the year 1945 in carrying on his law business. Those expenditures were not paid out of $1,300 which the petitioner received from the firm for expenses and which he did not report in his return for 1945. Opinion MURDOCK, Judge: The record leaves no doubt that the petitioner actually spent $1,409 [[*] 1439] in the manner set forth in the findings of fact. It is not entirely clear that the expenditure for flowers represented an ordinary and necessary expense of the petitioner's business or exactly how much of the payments to the club represented ordinary and necessary expenses of his business. He testified that he actually sent all of the flowers to clients and there is no evidence to the contrary, but he gave no details. Undoubtedly, some of the amount which he paid to his club represents the cost of luncheons and perhaps other entertainment for some of his clients. Here again the record is devoid of details and the petitioner estimated that about 20 per cent of the total payments represented his personal expenses in the use of the club. The Court, following the principle of , *225 has made a finding that $1,000 of the total expenditures represented ordinary and necessary expenses of his business. That might be low or it might be high, but it is the best approximation that the Court is able to make under the circumstances. Decision will be entered under Rule 50.